UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OFIONG LOUIS SANDERS,                              Civil No. 08-6262 (ADM/FLN)

      Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Commissioner JOAN FABIAN,

      Respondent.

Ofiong Louis Sanders, Minnesota Correctional Facility – Lino Lake, 7525 4th Avenue, Lino Lakes, Minnesota, 55014, Petitioner, pro se.

Attorney Krista Jean Guinn Fink, Associate Legal Counsel for the Minnesota Department of Corrections, 1450 Energy Park Drive, Suite 200, St. Paul, Minnesota, 55108, for Respondent.

FRANKLIN L. NOEL, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Ofiong Louis Sanders for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Respondent has filed an answer to the petition, (Docket Nos. 9 and 10), contending that the petition should be denied. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be denied, and that this action be dismissed.

## I. BACKGROUND

In 1997, Petitioner was convicted in the state district court for Ramsey County, Minnesota, on a charge of first degree burglary. He was found to be a "career offender" under Minnesota law, and was sentenced to 180 months in prison. Sanders v. Fabian, No.

A07-1874 (Minn.App. 2008), 2008 WL 4007030 at *1, <u>rev</u>. <u>denied</u>, Nov. 25, 2008, [hereafter "<u>Sanders</u>"].

Petitioner's original sentence was later vacated, based on a Minnesota Court of Appeals' decision, (<u>State v. Huston</u>, 616 N.W.2d 282 (Minn.App. 2000)), which affected Petitioner's "career offender" status. <u>Sanders</u>, 2008 WL 4007030 at *1. In September 2001, the trial court resentenced Petitioner without a hearing, this time finding that he should be sentenced as "dangerous offender," rather than a "career offender." The length of Petitioner's new sentence was the same as the original sentence – 180 months. <u>Id</u>. Petitioner then appealed his new sentence, and the Minnesota Court of Appeals remanded the case back to the trial court, with instructions to conduct a hearing on whether Petitioner met the criteria for a "dangerous offender." <u>Id</u>., citing <u>State v. Sanders</u>, 644 N.W.2d 483, 488 (Minn.App. 2002). On remand, the sentencing court conducted a hearing, and again determined that Petitioner was a "dangerous offender." Thus, in July 2002, Petitioner was once again given a 180-month sentence. <u>Sanders</u>, 2008 WL 4007030 at *1.

Before Petitioner's final resentencing in July 2002, he had been found guilty of violating certain Minnesota state prison rules. As a result of those rule violations, Minnesota state prison officials imposed disciplinary sanctions against Petitioner, which included a total of 225 days of "disciplinary-confinement time." <u>Id</u>. This meant that the date when Petitioner was to be released from prison, and assigned to "supervised release status," was delayed by 225 days. In other words, the imprisonment part of Petitioner's sentence was extended by 225 days, and the supervised release part of his sentence was

concomitantly shortened by 225 days.[1]

After Petitioner's final re-sentencing, the Minnesota Commissioner of Corrections recalculated the date when Petitioner would complete the imprisonment part of his sentence and begin serving the supervised release part of his sentence. Id. In making that recalculation, the Commissioner determined that the imprisonment part of Petitioner's final sentence should still include the 225 days of disciplinary-confinement time, thus delaying (by 225 days) the date when he would complete the imprisonment part of his sentence, and begin the supervised release part of his sentence.

Petitioner challenged the Commissioner's recalculation of his sentence by filing a state habeas corpus petition in the state district court for Washington County, Minnesota. He contended that his 225 days of disciplinary-confinement time had been rendered null and void when he was resentenced, and could not affect the new (final) sentence imposed in 2002. The state district court accepted Petitioner's argument, and vacated the 225 days of disciplinary-confinement time. The Commissioner was ordered to recalculate the Petitioner's supervised release date, without considering the 225 days of disciplinary confinement time. The Commissioner obeyed that ruling, recalculated Petitioner's

---

[1] Respondent has explained that –

"Pursuant to Minnesota's statutory sentencing scheme, inmates serve two-thirds of the executed sentence incarcerated as the 'term of imprisonment' and one-third on supervised release. Minn.Stat. §§ 244.05, subd. 1b; 244.01, subd. 8 (2008). 'The amount of time the inmate serves on supervised release shall be equal in length to the amount of time remaining in the inmate's executed sentence after the inmate has served the term of imprisonment and any disciplinary confinement period imposed by the commissioner.' Minn.Stat. § 244.05, subd. 1b(a)."

"Respondent's Answer to Petition for Writ of Habeas Corpus," (Docket No. 9), p. 6.

supervised release date, and granted Petitioner his supervised release on September 26, 2007.

Although the Commissioner complied with the ruling of the state district court in Petitioner's state habeas corpus case, the Commissioner also appealed that ruling. On appeal, the Minnesota Court of Appeals reversed the district court's decision, holding that "[t]he district court erred in vacating the disciplinary-confinement time" that was imposed before Petitioner's 2002 resentencing. Sanders, 2008 WL 4007030 at *3. According to the Court of Appeals, the imprisonment part of Petitioner's sentence should have included the 225 days of disciplinary-confinement sanctions imposed before Petitioner was resentenced – just as the Commissioner had determined. Petitioner asked the Minnesota Supreme Court to review the Court of Appeals' decision, but his petition for review was denied.

The Minnesota Court of Appeals issued its decision in Petitioner's state habeas corpus case on September 2, 2008. As of that date, however, Petitioner had already been out of prison, serving the supervised release part of his sentence, for nearly a year. Nothing in the record suggests that the Commissioner of Corrections sought to recalculate Petitioner's supervised release date following the Court of Appeals' decision in the state habeas case, and the Commissioner has now expressly acknowledged that Petitioner "has served his term of imprisonment." ("Respondent's Answer to Petition for Writ of Habeas Corpus," [Docket No. 9], p. 7.)

However, on October 2, 2008, Petitioner was arrested and charged with "Obstructing Legal Process" and "Fleeing Police on Foot," while he was still serving the supervised release part of his sentence. (Respondent's Appendix A, [Docket No. 9], p. RA 6.) As a result of those new charges, Petitioner's supervised release was revoked, and he was re-

incarcerated on or about October 24, 2008. (Id.)[2]

Petitioner filed his current federal habeas corpus petition on December 4, 2008. As of that date, he was incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota, because of the revocation of his supervised release. However, on December 10, 2008, Petitioner was again released from prison, subject to the still-applicable terms and conditions of his supervised release. Respondent reports that the supervised release part of Petitioner's sentence will expire on June 21, 2012. ("Respondent's Answer to Petition for Writ of Habeas Corpus," [Docket No. 9], p. 5.)

Shortly after Petitioner filed his current habeas petition, the Court reviewed the file and discovered that Petitioner had been released from prison again. Petitioner was therefore directed to show cause why this case should not be summarily dismissed as moot. (Order dated December 11, 2008; [Docket No. 3].) On January 5, 2009, Petitioner filed a three-page handwritten response, in which he argued that his current petition is not moot even though he was, at that time, no longer in prison. He pointed out that he is presently challenging the validity of the 225 days of disciplinary-confinement sanctions that were imposed before his final sentence, and he argued those sanctions could still extend the imprisonment part of his sentence. The Court then ordered Respondent to file an answer to Petitioner's habeas corpus petition. (Order to Show Cause dated January 30,

---

[2] Petitioner's supervised release was revoked before the new criminal charges against him were resolved. It is not clear to the Court how those criminal charges ultimately were resolved, but that is immaterial for present purposes. The Commissioner evidently determined that Petitioner's supervised release should be revoked, regardless of whether he was convicted of a new crime, and that determination is not at issue here.

2009; [Docket No. 6].)[3]

Petitioner's current habeas corpus petition lists four grounds for relief. Grounds One and Two challenge the legality of the disciplinary proceedings that resulted in the 225 days of disciplinary-confinement sanctions discussed above. Petitioner contends that those sanctions should be vacated, because (a) the Minnesota Department of Corrections changed its inmate disciplinary procedures after he was sanctioned, and (b) the sanctions allegedly were "falsely administered against petitioner for being vocal in regards [to] abusive prison conditions, and for participating in litigation against the prison." (Petition, [Docket No. 1], p. (5), §§ 12.A and 12.B ["Ground One" and "Ground Two"].) The claims presented at Grounds Three and Four of the petition are a bit more difficult to decipher. Respondent suggests, and the Court agrees, that those two claims appear to challenge the Minnesota Court of Appeals' decision that allowed the Commissioner of Corrections to consider Petitioner's 225 days disciplinary-confinement time when recalculating his supervised release date.[4]

---

[3] Petitioner apparently remained out of confinement from December 10, 2008, until May 7, 2009, when he was re-arrested, and taken into custody, on a charge of "lurking." (Petitioner's "Motion for Expediated [sic] Review of New Evidence For Evidentiary Hearing," [Docket No. 14].) Thereafter, he was held in the Ramsey County Jail in St. Paul, Minnesota, presumably pending a resolution of the new criminal charge against him, as well as new charges of violating the terms of his supervised release. On June 3, 2009, the Court received a "change of address" notice from Petitioner, (Docket No. 15), which indicates that he is currently incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota. Although Petitioner has not explained why he has been returned to prison, (once again), it clearly appears that the Commissioner must have found that he violated the terms of his supervised release, (once again), when he was apprehended for "lurking" on May 7, 2009.

[4] Grounds Three and Four of the current petition, repeated verbatim and in their entirety, are as follows:

6

Respondent contends that Grounds One and Two of the current petition should be summarily dismissed, because they were not previously raised in the Minnesota state courts. Respondent also contends that Grounds Three and Four of the petition should be dismissed as moot. The Court agrees with both of those arguments.[5]

## III. DISCUSSION

### A. Grounds One and Two

Petitioner's first two claims for relief challenge the basic legality of the 225 days of disciplinary-confinement sanctions that were imposed before his final sentence was imposed. He contends that those sanctions were never legally imposed, and should now be wholly nullified and vacated.

The Minnesota Court of Appeals specifically noted that Petitioner did "not dispute the disciplinary-confinement time he received" in his state court habeas corpus

---

"Ground three: Violation of Due Process.... The prison added dicipline [sic] confinement time to a new sentence, under a new statute, and ignored a District Court Judge's order of jail credit."

"Ground four: Violation of Court Order.... The prison as an administrative agency cannot violate a court order of jail credit, without contesting the matter in court."

(Petition, [Docket No. 1], p. (6), §§ 12.C and 12.D.)

[5] Petitioner was granted an opportunity to file a reply to Respondent's answer, and he was later granted an extension of the deadline for filing his reply. (Order to Show Cause dated January 30, 2009, [Docket No. 6]; Order dated April 7, 2009, [Docket No. 12].) However, the extended deadline for filing a reply expired more than a month ago, and Petitioner still has not filed any opposition to Respondent's answer. Petitioner has filed two motions for evidentiary hearings, (Docket Nos. 13 and 14), which are discussed more fully below. However, neither of those motions presents any direct rebuttal to the arguments raised in Respondent's answer.

proceedings.  <u>Sanders</u>, 2008 WL 4007030 at *2.  Moreover, Petitioner himself has expressly acknowledged that Grounds One and Two of his current petition were never raised in the state courts.  (Petition, [Docket No. 1], p. (6), § 13.)  Because Petitioner's first two claims for relief have not been raised and adjudicated in the Minnesota state courts, they cannot be addressed on the merits here.

It is well established that a federal court may not entertain a habeas corpus claim brought by a petitioner in state custody, unless the petitioner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state detainees.  <u>O'Sullivan</u>, 526 U.S. at 842; <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (<u>per</u> <u>curiam</u>); <u>Rose</u>, 455 U.S. at 518-19; <u>Smittie v. Lockhart</u>, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one <u>complete</u> round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845 (emphasis added).  In other words, a habeas petitioner must fairly present all of his constitutional claims to <u>the highest available</u> state court before seeking relief in federal court.  <u>Id</u>. at 847.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary

review)"). Thus, in Minnesota, a claim must be fairly presented to the Minnesota Supreme Court before it can be raised and decided in a federal habeas corpus proceeding.

When a habeas petitioner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim technically is not "unexhausted," but rather, it has been "procedurally defaulted." Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006) ("'If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now.'"), cert. denied, 127 S.Ct. 980 (2007), quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.) (en banc), cert. denied, 517 U.S. 1215 (1996); Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005) ("if no state court remedy is available for the unexhausted claim – that is, if resort to the state courts would be futile – then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim'"), cert. denied, 546 U.S. 1179 (2006) (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750. The "fundamental miscarriage of justice" exception (to overcome a procedural default) is available only upon a "showing, based on new evidence, that 'a constitutional

violation has probably resulted in the conviction of one who is <u>actually innocent</u>.'"
<u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1161 (1996)
(emphasis added), <u>quoting</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

The rules governing procedural default have been summarized by the Supreme
Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state
> court pursuant to an independent and adequate state procedural rule, federal
> habeas review of the claims is barred unless the prisoner can demonstrate
> cause for the default and actual prejudice as a result of the alleged violations
> of federal law, or demonstrate that failure to consider the claims will result in
> a fundamental miscarriage of justice".

<u>Id</u>.

In this case, Petitioner has candidly acknowledged that the first two claims for relief
listed in his current habeas corpus petition have never been presented to the Minnesota
state courts. (Petition, [Docket No. 1], p. (6), § 13.) Furthermore, Minnesota law precludes
Petitioner from bringing those claims before the state courts at this late date. Petitioner's
current challenges to the legality of his prison disciplinary sanctions were known, or
knowable, when he filed his state habeas corpus petition in the state district court.
However, he did not raise either Ground One or Ground Two of his current petition in the
prior state court proceedings, and it is now too late to do so. <u>See</u> <u>Powers v. State</u>, 731
N.W.2d 499, 501 (Minn. 2007) ("matters raised or known but not raised in an earlier petition
for postconviction relief will generally not be considered in subsequent petitions for
postconviction relief"), citing <u>Spears v. State</u>, 725 N.W.2d 696, 700 (Minn. 2006), <u>cert</u>.
<u>denied</u>, 127 S.Ct. 2985 (2007); <u>see</u> <u>also</u> <u>McCall</u>, 114 F.3d at 757 ("Minnesota law provides
that once the petitioner has directly appealed his sentence 'all matters raised therein, and

all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Therefore, Petitioner's first two grounds for relief have been procedurally defaulted.

Petitioner contends that his first two claims for relief were not raised in his prior state court proceedings, "because previous counselor did not raise these grounds." (Petition, [Docket No. 1], p. (6), § 13.) He apparently believes that his procedural default should be excused, because he received ineffective assistance of counsel during his prior state court proceedings.

Ineffective assistance of counsel can constitute sufficient "cause" to overcome a procedural default, but "in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002), citing Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000). See also Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding"). There is nothing in the present record to suggest that Petitioner has ever presented an ineffective assistance of counsel claim to the Minnesota state courts. Therefore, ineffective assistance of counsel cannot serve as cause to excuse Petitioner's procedural default of his first two habeas corpus claims. Nor has Petitioner shown any other sustainable cause for his procedural default.

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice").

Finally, the Court finds that Petitioner is not eligible for the "actual innocence" exception. He has not presented any new and previously undiscoverable evidence that casts doubt on the legality of the disciplinary sanctions that he is challenging in his first two grounds for relief.[6]

Thus, the Court concludes that Petitioner cannot overcome his procedural default of his first two claims for relief under either the "cause and prejudice" exception, or the "actual innocence" exception. The Court will therefore recommend that those two claims be summarily denied.

B. Grounds Three and Four

In the final two grounds of the current habeas petition, (Grounds Three and Four), Petitioner challenges Respondent's calculation of his supervised release date. More specifically, Petitioner contends – as he did in his state court habeas action – that even if his 225 days of disciplinary-confinement sanctions were legally imposed, those sanctions

---

[6] The Court has not overlooked Petitioner's two pending motions seeking an evidentiary hearing, (which are discussed below). While Petitioner's motion papers vaguely suggest that he wants to present some evidence pertaining to his disciplinary sanctions, he has failed to identify that evidence, and he has failed to show that such evidence, (whatever it might be), was previously undiscoverable, and could not have been presented to the state courts. He also has made no effort to show how his unidentified "new evidence" might prove his actual innocence.

still should not delay the completion of the imprisonment part of his sentence, and the commencement of the supervised release part of his sentence. Respondent contends that Petitioner's last two habeas claims are moot, because he has already completed the imprisonment part of his sentence, and he has already begun the supervised release part of his sentence. The Court agrees.

> "Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies.... This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court <u>must dismiss the action</u>."

<u>Potter v. Norwest Mortgage, Inc.</u>, 329 F.3d 608, 611 (8th Cir. 2003) (citations and internal quotations omitted; emphasis added).

The ongoing case-or-controversy requirement is not met if the court cannot grant any meaningful relief to the party who initiated the action. <u>In re Grand Jury Subpoenas Duces Tecum</u>, 78 F.3d 1307, 1310 (8th Cir.), <u>cert</u>. <u>denied</u>, 519 U.S. 980 (1996). If it is impossible for the court to provide any meaningful redress for the claims that have been raised, the case must be dismissed as moot. <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990).

When a habeas corpus petitioner is challenging the validity of a criminal <u>conviction</u>, and not just the duration of his confinement, a writ of habeas corpus might still benefit him, even after he has been released from custody, by eliminating some of the "collateral consequences that attached to the conviction as a matter of law." <u>Spencer v. Kemna</u>, 523 U.S. 1, 9 (1998), citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968). Such "collateral consequences" might include restrictions on the right to vote, the right to own a gun, the right to serve on a jury, or the right to engage in certain types of businesses or professions.

However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness, if he is not challenging his conviction, but only the length of his sentence. <u>Spencer</u>, <u>supra</u>.

Here, Petitioner is not challenging the validity of his 1997 burglary <u>conviction</u>. The claims at issue here, (i.e., Grounds Three and Four of the petition), pertain only to the imprisonment part of Petitioner's sentence. If either of those claims were upheld on the merits in this action, Petitioner would obtain the same relief that was previously granted by the state district court in his state habeas corpus proceeding, (before such relief was reversed on appeal) – i.e., Respondent would be directed to disregard Petitioner's 225 days of disciplinary-confinement sanctions for purposes of determining when he should begin serving the supervised release part of his sentence. However, granting such relief to Petitioner now would be meaningless, because he has already begun serving the supervised release part of his sentence.

As the Court pointed out in a prior order in this case, (<u>see</u> Order dated December 11, 2008; [Docket No. 3]), Minnesota law prescribes that "[n]o inmate who violates a disciplinary rule ... shall be placed on supervised release until the inmate has served the disciplinary confinement period for that disciplinary sanction or until the inmate is discharged or released from punitive segregation confinement, whichever is later...." Minn.Stat. § 244.05, subd. 1b(b). According to this statute, if Petitioner had not completed his 225 days of disciplinary-confinement sanctions, then he could not have fully served the imprisonment part of his sentence, and he could not now be serving the supervised release part of his sentence. However, Respondent has expressly acknowledged that Petitioner "has served his term of imprisonment," ("Respondent's Answer to Petition for Writ of

14

Habeas Corpus," [Docket No. 9], p. 7), and the record shows that Petitioner has been on supervised release status for nearly two years. Thus, the disciplinary-sanctions at issue must have been fully served and satisfied.

Petitioner may believe that his final two claims for relief are still significant, even though he has completed the imprisonment part of his sentence, because he still can be, (and, in fact, has been), returned to prison for violating the terms and conditions of his supervised release. However, if Petitioner spends any more time behind bars, (as he apparently will), his additional confinement will be caused by some <u>new</u> misconduct that has violated the conditions of his supervised release, and not by a reinstatement of the imprisonment part of his sentence.

In sum, Petitioner's final two grounds for relief challenge only the manner in which his 225 days of disciplinary-confinement sanctions might extend the imprisonment part of his sentence. However, the imprisonment part of Petitioner's sentence is now fully completed, and the supervised release part of his sentence has now begun. Petitioner will not be returned to prison to serve any of the 225 days of his disciplinary-confinement sanctions; he will be reincarcerated only for new violations of his supervised release. Therefore, Petitioner's final two habeas corpus claims, which pertain only to the already-completed imprisonment part of his sentence, must be denied as moot.

C. <u>Petitioner's Pending Motions</u>

As previously noted, (<u>see</u>, n. 5, <u>supra</u>), Petitioner has recently filed two brief handwritten motions seeking an evidentiary hearing in this matter. The Court will recommend that both of those motions be denied.

In the first pending motion, (Docket No. 13), Petitioner asks for an evidentiary hearing "to present exculpatory evidence which will expose to the court facts, the Department of Corrections allowed torture of the petitioner, administered by it's employees." This motion cannot be granted, because Petitioner has not offered any information about the nature of the evidence that he would seek to present at an evidentiary hearing, nor has he shown that such evidence would affect the Court's analysis, and recommended disposition, of his current habeas corpus claims.

Furthermore, Petitioner's motion reveals a substantial misunderstanding of the limited scope of federal habeas corpus review. As discussed above, (<u>see</u> p. 8, <u>supra</u>), federal habeas review is available under 28 U.S.C. § 2254 only for federal constitutional claims that have already been raised and adjudicated at every available level of the apposite state court system. In habeas cases brought under § 2254, federal courts do not have unfettered authority to conduct hearings to consider evidence or arguments that have not been previously presented to the state courts. The federal habeas statutes expressly provide that –

> "If the applicant has failed to develop the factual basis of a claim in State court proceedings, <u>the court shall not hold an evidentiary hearing</u> on the claim unless the applicant shows that –
> (A) the claim relies on –
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. § 2254(e)(2) (emphasis added).

Petitioner has not made any effort to satisfy the stringent requirements prescribed by § 2254(e)(2), and the Court finds no reason to believe that he could possibly do so. Therefore, Petitioner's initial request for an evidentiary hearing, (Docket No. 13), must be denied.

Petitioner's second request for an evidentiary hearing, (Docket No. 14), is also unavailing. This recently-filed motion indicates that Petitioner was arrested on May 7, 2009, and charged with "lurking," a misdemeanor offense under Minnesota law. He apparently has been kept in custody since his latest arrest, but it is unclear whether he is being held because of the new criminal charge against him, or because he has been accused, once again, of violating the conditions of his supervised release. In any event, Petitioner is asking the Court to conduct an evidentiary hearing that would allow him to challenge his latest return to custody, by "present[ing] facts by means of witnesses to prove a showing of harassment, illegal confinement, and violation of equal treatment under the law."

Again, Petitioner misapprehends the role of federal habeas corpus review. If Petitioner believes that he has been wrongly apprehended, and that he is being wrongly detained, he must first present his arguments and his evidence to the Minnesota state courts. It clearly appears that Petitioner has not yet given the Minnesota state courts a full and fair opportunity to consider the evidence and arguments that are alluded to in his latest motion.

If Petitioner thinks that his supervised release has been wrongly revoked, he should be able to seek relief in the Minnesota state courts, by filing another <u>state</u> habeas corpus

petition, under Minn.Stat. § 589.01 et seq.  See Kelsey v. State, 283 N.W.2d 892, 894-95 (Minn.App. 1979) ("state habeas corpus is an appropriate remedy" for "reviewing allegations of failure of parole authorities to follow applicable statutory and constitutional principles"); see also Harju v. Fabian, No. A05-1820 (Minn.App. 2006), 2006 WL 2255898 (unpublished opinion) at * 1 ("[a]n offender whose conditional release has been revoked may seek review of the revocation by petitioning the district court for a writ of habeas corpus... [and a] denial of a writ of habeas corpus may be directly appealed").  Because none of the matters raised in Petitioner's second pending motion have been presented to any Minnesota state court, that motion must also be denied.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2.  Petitioner's "Motion for Evidentiary Hearing," (Docket No. 13), be DENIED;

3.  Petitioner's "Motion for Expediated [sic] Review of New Evidence For Evidentiary Hearing," (Docket No. 14), be DENIED; and

4.  This action be DISMISSED.

Dated: June 16, 2009

  s/Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 6, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.